SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART   7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407

Attorney for Plaintiffs
MAHO WADA
MASAHIRO WADA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAHO WADA; <br> MASAHIROWADA, <br><br>              Plaintiffs, <br><br>      vs. <br><br> ALOHA KING, LLC (dba, <br> "ALOHA ISLAND SELF <br> STORAGE"), a Mississippi <br> Limited Liability Corporation; <br> ALOHA ISLAND-KING, LLC,  a <br> California Limited Liability <br> Corporation; TOTAL STORAGE <br> SOLUTIONS,  a California <br> Corporation; TNT SELF <br> STORAGE MANAGEMENT, <br> INC., a California Corporation; <br> DOE DEFENDANTS 1 -20. <br><br>             Defendants. | Civil No. _____ <br><br> COMPLAINT; SUMMONS; JURY <br> DEMAND <br><br><br> . |

## COMPLAINT

Comes now Plaintiffs, MAHO WADA ("Maho") and MASAHIRO WADA ("Masahiro") (Maho and Masahiro are hereinafter collectively referred to as "Plaintiffs"), by and through their attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendants ALOHA/KING LLC ("AKL"), ALOHA ISLAND-KING LLC ("AIK"), TOTAL STORAGE SOLUTIONS ("TSS"), and TNT SELF-STORAGE MANAGEMENT, INC. ("TNT") (AKL, AIK, TSS, and TNT hereinafter collectively referred to as the "Defendants") and DOE DEFENDANTS 1 – 20.

## THE PARTIES

1.     Maho is currently and was at all relevant times a citizen of Japan.

2.     Masahiro is Maho's biological father and was at all relevant times a citizen of Japan.

3.     AKL is a Mississippi limited liability corporation registered to do business in the State of Hawaii.

4.     AIK is a California limited liability corporation and a member of AKL, which was engaged in business in the State of Hawaii.

5.    TSS is a California corporation, which engaged in business in the State of Hawaii.

6.    TNT is a California corporation, which engaged in business in the State of Hawaii.

7.    Upon information and belief, Dale McShane ("McShane") was at all relevant times a resident of the State of Hawaii and was the manager at Aloha Island Self Storage, located at 1414 Kalakaua Avenue, Honolulu, Hawaii (hereinafter "the Storage Facility"), which was owned and operated by AKL and/or AIK, as well as, managed and/or staffed by TSS and TNT.

8.    Upon information and belief, TSS is an employee leasing entity, which TNT contracted with, for handling personnel and staffing matters, while TNT is a storage management entity, which AKL and/or AIK contracted with, to manage the day to day operations of the Storage Facility, thereby creating an express or implied agency relationship between and among the Defendants.

9.    DOE ENTITIES 1 - 20 (collectively referred to herein as "DOE DEFENDANTS") are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs except that they are connected in some manner with Defendants or were the agents, principals,

partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiffs, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiffs, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiffs, and Plaintiffs pray for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

10. This Honorable Court has jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1332. The amount in controversy is in excess of $75,000. Venue is appropriate in the District Court of the District of Hawaii pursuant to 28 U.S.C. Section 1391.

## **FACTUAL ALLEGATIONS**

11.   On or about August 8, 1984, McShane was arrested in the City and County of Honolulu for attempted rape in the third degree, a "Class C Felony", and burglary in the first degree, a "Class B Felony".

12.   On or about January 14, 1985, McShane was convicted for attempted rape in the third degree, a "Class C Felony", and burglary in the first degree, a "Class B Felony".

13.   In or about May 2009, Masahiro rented a storage unit at the Storage Facility, where McShane was working as the manager.

14.   Between May and August, 2009, McShane befriended Masahiro and his teenage son, who frequented the Storage Facility.   Masahiro and his son respected and trusted McShane by virtue of his position and authority as manager of the Storage Facility.

15.   Masahiro and his teenage son regularly came to the Storage Facility and were familiar with most, if not all, of the employees at the Self Storage Facility, including McShane (The term "employee" in this Complaint refers to any person working

at the Storage Facility, whether directly or indirectly employed by any one or more of the Defendants.)

16.    Upon information and belief, prior to August 2009, at least one of the employees at the Self Storage Facility became suspicious that McShane had developed an inappropriate sexual attraction to some of the children who frequented the Storage Facility and was targeting children in order to have a sexual encounter with them, including but not limited to, Maho.

17.    During the last week of August, 2009, Maho, who was fifteen (15) years old at the time, was at the Storage Facility with her father and brother.  Maho, who had just recently moved to Hawaii from Japan spoke almost no English and was unfamiliar with American customs and culture.  While her father and brother were out of sight, McShane approached Maho and kissed her on the lips on the premises of the Storage Facility. Prior to this time, Maho had never been kissed by a male, who was not a family member.

18.    On or about September 11, 2009, Maho was again at the Storage Facility with her father and brother.  On this day, McShane drove Maho home to the Wada residence located at 1802 Lanakila Ave, Honolulu, Hawaii.  While driving her home,

McShane pulled the vehicle to the side of the road and told her that he would not drive her home unless she kissed him. McShane subsequently kissed Maho on the lips and stuck his tongue in her mouth.    After Maho had told him "no", McShane kissed her and stuck his tongue in her mouth a second time and proceeded to touch her arms and inner thigh.    McShane subsequently drove Maho home.

19.    Defendants knew or should have known that McShane was a convicted felon and a registered sex offender prior to the above-referenced incidents when McShane kissed and touched Maho.

20.    Upon information and belief, during or about the same time that McShane had his sexual encounters with Maho, McShane molested another child whose parents were patrons of the Storage Facility.

21.    Upon information and belief, AIK and AKL may have had common shareholders, owners, members, directors and/or officers, co-mingled funds, and may have otherwise failed to follow the formalities necessary for keeping two corporate entities as separate and distinct from one another.    AKL may also have been under-capitalized.

## COUNT I

### (NEGLIGENT HIRING)

22.   Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

23.   Defendants had a duty to conduct a background check on McShane, check and contact his references, verify the information on his employment application and/or take other measures to ensure McShane's suitability as an employee at the Storage Facility, as employees of a self-storage facility offer security services to safeguard the property and persons of its customers.

24.   Defendants had a duty to ensure that the Storage Facility's employees would not cause harm to its customers, their family members, and/or their property, which included a duty to conduct a background check before hiring employees to ensure they were not felons or sex offenders, given that isolated and narrow spaces and confines within the Storage Facility, where employees could come into contact with its customers and their families.

25. Given the physical characteristics of the Storage Facility, it was foreseeable that its employees would have access to its customers and family members in a confined space.

26. Defendants' failure to adequately conduct a background check on McShane, contact his references, verify the information on his employment application, and take other measures to ensure his suitability as an employee, prior to hiring McShane, or having hired him despite having conducted a background check, constituted negligent hiring.

27. Defendants' negligent hiring caused injury and damage to Maho in amounts to be proven at trial.

## COUNT II

## (NELIGENT CONTROL)

28. Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

29. Defendants had a duty to instruct the Storage Facility's employees, including but not limited to McShane, not to be alone with its customers' children and/or engage in inappropriate behavior with its customers' children.

30.   Defendants failed to instruct McShane not to be alone with its customers' children and/or engage in inappropriate behavior with its customers' children.

31.   Defendants did not have a written policy in place prohibiting the Storage Facility's employees from being alone with its customers' children and/or engage in inappropriate behavior with its customers' children.

32.   As many people, including children, come on to the premises of the Storage Facility on a regular basis, it was foreseeable that its employees would come into contact with children.

33.   Given that at least one employee suspected McShane of having a sexual and/or otherwise inappropriate interest in children visiting the Storage Facility, prior to McShane having sexual contact with Maho, Defendants had a duty to take steps to prevent McShane from having access to children, including but not limited to, terminating him, placing him on leave, and/or reassigning him to a position where he would not have access to children.

34.   Defendants' failure to instruct the Storage Facility's employees not to be alone with children or engage in

inappropriate acts with children, including but not limited to, its failure to have a written policy in place, constituted negligent control.

35.    Defendants' failure to take steps to prevent McShane from having access to children, despite having information and/or knowledge that McShane had a sexual and/or otherwise inappropriate interest in children, visiting the Storage Facility, constituted negligent control.

36.    Defendants' negligent control of McShane caused injury and damage to Maho in amounts to be proven at trial.

## COUNT III

## (NEGLIGENCE/NEGLIGENT PROMOTION)

37.    Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

38.    Defendants had a duty to conduct a background check on McShane prior to appointing/promoting him manager of the Storage Facility, given that the Storage Facility's employees are hired and paid for the purpose of securing and protecting its customers, family members, and their property.

39.    Defendants had a duty to conduct a background check on McShane when he was appointed/promoted to manager

of the Storage Facility, as the position of manager gave McShane greater access to its customers and family members, placed him in a position of authority and respect, and provided him with greater control in managing/operating the Storage Facility.

40.  Defendants' negligence caused injury and damage to Maho in amounts to be proven at trial.

**COUNT IV**

**(NEGLIGENT FAILURE TO WARN)**

41.  Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

42.  Given Defendants' actual or constructive knowledge of McShane's status as a convicted felon and registered sex offender and/or Defendants' actual or constructive knowledge that McShane had a sexual and or otherwise inappropriate interest in children visiting the Storage Facility, Defendants had a duty to warn Masahiro and other parents not to let their children be alone with McShane.

43.  The inaction of Defendants to warn Masahiro and other parents who were patrons of the Storage Facility constituted a negligent failure to warn.

44. Defendants' negligent failure to warn caused injury and damage to Maho in amounts to be proven at trial.

## COUNT V

### (NEGLIGENT FAILURE TO INVESTIGATE)

45. Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

46. Given that at least one of the Storage Facility's employees had a reasonable suspicion that McShane had a sexual or otherwise inappropriate interest in children visiting the Storage Facility, Defendants had a duty to conduct a background check on McShane, which they failed to do.

47. The Defendants' inaction to conduct a background check on McShane, after one of their employees had a reasonable suspicion that McShane had a sexual or otherwise inappropriate interest in children visiting the Storage Facility, constituted a negligent failure to investigate.

48. Had Defendants timely investigated McShane's background, they would have discovered that McShane was a convicted felon and registered sex offender, which would have forced Defendants to take steps to terminate or otherwise remove McShane from the Storage Facility.

49. Defendants' negligent failure to investigate caused injury and damage to Maho in amounts to be proven at trial.

## COUNT VI

## (RESPONDEAT SUPERIOR)

50. Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

51. At all relevant times herein, McShane was an employee of Defendants.

52. The unwelcome and unwanted sexual physical contact McShane had with Maho occurred in the course and scope of McShane's s employment with Defendants.

53. McShane's actions toward Maho are imputed to Defendants under the theory of respondeat superior.

## COUNT VII

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

54. Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

55. As a result of Defendants' breach of duty to Maho relating to hiring, controlling, promoting and/or investigating McShane, as well as breaching their duty to warn Masahiro, Maho and Masahiro suffered extreme and severe emotional and mental distress.

56. Defendants' negligent infliction of emotional distress upon Plaintiffs caused them injury and damage in amounts to be proved at trial.

## COUNT VIII

### (LOSS OF CONSORITUM)

57. Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

58. As a result of Defendants' action/inaction, Masahiro has been deprived of the love, affection and support, including the loss of society, companionship, filial relationship, comfort and aid of his daughter, Maho.

59. This loss of consortium resulting from Defendants' actions/inactions caused injury and damage to Masahiro in amounts to be proven at trial.

### COUNT IX – ALTER EGO - PIERCING

60. Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

61. Upon information and belief, AIK and AKL may have had common shareholders, owners, members, directors and/or officers, co-mingled funds, and may have otherwise failed to follow the formalities necessary for keeping two corporate entities as separate and distinct from one another. AKL may also have been under-capitalized.

62. AIK has used the corporate fiction of AKL to perpetuate a fraud and/or defeat Plaintiffs' rightful claim of and/or engaged in other improper conduct such that recognition of such fiction would bring about injustice and inequity, or vice a versa.

63.   As a direct and proximate result of AIK and AKL's improper conduct, Plaintiffs are entitled to monetary judgment in their favor against AIK and AKL.

## COUNT X

## (PUNITIVE DAMAGES)

64.   Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

65.   Defendants have acted willfully, wantonly, and/or with gross negligence, that Plaintiffs are entitled to punitive or exemplary damages from Defendants in amounts to be shown at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs herein demand judgment in its favor and against Defendants, jointly and severally as follows:

A.   A judgment be entered in favor of Plaintiffs and against Defendants, jointly and severally, for damages on all applicable claims according to proof to be adduced at trial.

B.   An award of punitive damages in favor of Plaintiffs and against Defendants in an amount commensurate with the egregious nature of the acts and/or omissions by Defendants.

   C. An award to Plaintiffs of attorney's fees, costs, and expenses on all applicable claims.

   D. Such other and further relief as the Court deems proper, including but not limited to pre-judgment and post judgment interest.

   DATED: Honolulu, Hawaii, June 16, 2014.

     /s/ Andrew Daisuke Stewart
     _____
     ANDREW DAISUKE STEWART
     SHOWA LAW OFFICE, LLLC
     Attorney for Plaintiffs
     MAHO WADA
     MASAHIRO WADA