IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAHO WADA; MASAHIRO WADA, | ) | CIVIL NO. 14-00275 HG-BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALOHA KING, LLC; TOTAL STORAGE | ) | |
| SOLUTIONS; TNT SELF STORAGE | ) | |
| MANAGEMENT, INC.; ABSO; | ) | |
| STERLINGBACKCHECK; DOE | ) | |
| DEFENDANTS 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |
| | ) | |
| | ) | |
| ALOHA KING, LLC, | ) | |
| | ) | |
| Cross-Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TNT SELF STORAGE MANAGEMENT, | ) | |
| INC.; TOTAL STORAGE SOLUTIONS; | ) | |
| ABSO; STERLINGBACKCHECK, | ) | |
| | ) | |
| Cross- | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |
| | ) | |
| | ) | |
| TOTAL STORAGE SOLUTIONS, | ) | |
| | ) | |
| Cross-Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALOHA KING, LLC; ABSO; | ) | |
| STERLINGBACKCHECK, | ) | |
| | ) | |
| Cross- | ) | |
| Defendants. | ) | |

1

```
_____  )
                                 )
                                 )
TNT SELF STORAGE MANAGEMENT,     )
INC.,                            )
                                 )
            Cross-Claimant,      )
                                 )
        vs.                      )
                                 )
ALOHA KING, LLC; ABSO;           )
STERLINGBACKCHECK,               )
                                 )
            Cross-               )
Defendants.                      )
_____  )
```

**ORDER GRANTING DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FILED JULY 21, 2015 (ECF No. 99) WITH LEAVE TO AMEND**

**and**

**GRANTING, IN PART, AND DENYING, IN PART, CROSS-DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS TOTAL STORAGE SOLUTIONS' CROSSCLAIMS FILED ON AUGUST 7, 2015 (ECF No. 100) WITH LEAVE TO AMEND**

**and**

**DENYING CROSS-DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS TNT SELF STORAGE MANAGEMENT, INC.'S CROSSCLAIMS FILED ON AUGUST 10, 2015 (ECF No. 101)**

**and**

**DENYING CROSS-DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS ALOHA KING, LLC'S CROSSCLAIMS FILED ON SEPTEMBER 16, 2015 (ECF No. 120)**

Plaintiff Masahiro Wada claims that in 2009 he rented a storage unit at a Honolulu storage facility owned by Defendant

2

Aloha King, LLC.  Plaintiff Masahiro Wada alleges that his fifteen year-old daughter, Plaintiff Maho Wada, was sexually assaulted by Dale McShane, the manager of Defendant Aloha King, LLC's storage facility.

Plaintiffs assert that Defendant TNT Self Storage Management, Inc. managed the storage facility for Defendant Aloha King, LLC, and contracted with Defendant Total Storage Solutions for the facility's personnel and staffing matters.

Plaintiffs assert that Defendant Total Storage Solutions contracted for Defendant Abso to conduct a background check on Dale McShane, but Defendant Abso did not disclose that McShane had a criminal record and was a registered sex offender.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

On July 21, 2015, the Plaintiffs filed a First Amended Complaint (ECF No. 73), naming the following Defendants:

(1)  Defendant Aloha King, LLC, as the owner of the storage facility, ("**Aloha King**");

(2)  Defendant TNT Self-Storage Management, Inc., as the manager/operator of the storage facility, ("**TNT Management**");

(3)  Defendant Total Storage Solutions, as the personnel and staffing agent for the storage facility, ("**TSS Staffing Agent**");

(4)  Defendant Abso, as acquired by Defendant SterlingBackcheck, as the contractor who performed

3

the background check on Dale McShane, (**"Abso"** or **"Abso/SterlingBackcheck"**).

## CROSSCLAIMS AGAINST DEFENDANTS ABSO/STERLINGBACKCHECK

There are three separate Crossclaims filed against Cross-Defendants Abso/SterlingBackcheck.

### 1.   TSS Staffing Agent's Crossclaim (ECF No. 87)

Cross-Claimant TSS Staffing Agent filed a Crossclaim against Cross-Defendants Abso/SterlingBackcheck with the following causes of action:

Count I:        Breach of Contract against Defendant Abso

Count II:         Negligence against Defendant Abso

Count III:     Indemnification and Contribution against Defendant Abso

Count IV:         Indemnification and Contribution against Defendant SterlingBackcheck

(Cross-Claimant TSS Staffing Agent's Crossclaim, ECF No. 87).

### 2.   TNT Management's Crossclaim (ECF No. 89-1)

Cross-Claimant TNT Management filed a Crossclaim against Cross-Defendants Abso/SterlingBackcheck for contribution and indemnification.  (Defendant TNT Management's Crossclaim, ECF

4

No. 89-1).

### 3.   Aloha King's Crossclaim (ECF No. 109-1)

Cross-Claimant Aloha King has also filed a Crossclaim against Cross-Defendants Abso/SterlingBackcheck for contribution and indemnification.   (Defendant Aloha King's Crossclaim, ECF No. 109-1).

**FOUR MOTIONS BEFORE THE COURT**

Defendants/Cross-Defendants Abso/SterlingBackcheck have filed the following four Motions before the Court:

### 1.   Defendants Abso/SterlingBackcheck's Motion to Dismiss the Plaintiffs' First Amended Complaint (ECF No. 99)

Defendants Abso/SterlingBackcheck have filed a Motion to Dismiss the First Amended Complaint filed by Plaintiffs. Defendants Abso/SterlingBackcheck assert in their Motion to Dismiss that Plaintiffs' claims are preempted by the Fair Credit Reporting Act.   Defendants Abso/SterlingBackcheck argue that Plaintiffs have failed to state a claim under the Fair Credit Reporting Act.

Defendants Abso/SterlingBackcheck argue that, even if the claims are not preempted, Plaintiffs' claims are barred by the applicable statutes of limitations and Plaintiffs have not

otherwise stated a claim upon which relief may be granted.

Defendants Abso/SterlingBackcheck's Motion to Dismiss the Plaintiffs' First Amended Complaint (ECF No. 99) is **GRANTED WITH LEAVE TO AMEND.**

> **2.    Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss TSS Staffing Agent's Crossclaim (ECF No. 100)**

Cross-Defendants Abso/SterlingBackcheck assert in their Motion that Cross-Claimant TSS Staffing Agent's claims for breach of contract, negligence, indemnification, and contribution are preempted by the Fair Credit Reporting Act. Cross-Defendants Abso/SterlingBackcheck assert that the allegations in TSS Staffing Agent's Crossclaim do not state a claim pursuant to the Fair Credit Reporting Act.

Cross-Defendants Abso/SterlingBackcheck argue that, even if the claims are not preempted, TSS Staffing Agent has not provided sufficient allegations to state a claim upon which relief can be granted.  Cross-Defendants Abso/SterlingBackcheck also assert that TSS Staffing Agent's claims are barred by the applicable statutes of limitations.

Cross-Defendants Abso/SterlingBackcheck also argue that TSS Staffing Agent's tort claims are barred by the economic loss doctrine.

Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss the Crossclaims filed by Cross-Claimant TSS Staffing Agent (ECF No. 100) is **GRANTED, IN PART, AND DENIED, IN PART, WITH LEAVE TO AMEND**.

### 3.   Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss the Crossclaim filed by TNT Management (ECF No. 101)

Cross-Defendants Abso/SterlingBackcheck filed a Motion to Dismiss TNT Management's Crossclaim for indemnification and contribution.  Cross-Defendants argue that TNT Management's Crossclaim does not contain sufficient facts to state a claim. They also argue that TNT Management's claims are barred by the economic loss rule.

Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss the Crossclaims filed by Cross-Claimants TNT Management (ECF No. 101) is **DENIED**.

### 4.   Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss the Crossclaims filed by Aloha King (ECF No. 120)

Cross-Defendants Abso/SterlingBackcheck filed a Motion to Dismiss Aloha King's Crossclaim for indemnification and contribution.  Cross-Defendants argue there are insufficient allegations in the Crossclaim to state a claim for either

7

indemnification or contribution.

Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss Crossclaim filed by Aloha King (ECF No. 120) is **DENIED**.


## PROCEDURAL HISTORY


On June 17, 2014, Plaintiffs Maho and Masahiro Wada filed a Complaint against Defendants Aloha King, LLC ("**Aloha King**"); Aloha Island-King, LLC; Total Storage Solutions ("**TSS Staffing Agent**"); TNT Self Storage Management, Inc. ("**TNT Management**"), and Doe Defendants 1-20.  (ECF No. 1).


On September 17, 2014, Plaintiffs filed a Notice of Dismissal Without Prejudice as to Defendant Aloha-Island King, LLC.  (ECF No. 16).

On March 17, 2015, Defendant TNT Management filed a Motion for Leave to File a Third-Party Complaint.  (ECF No. 49).

On May 12, 2015, the Magistrate Judge issued an Order Granting Defendant TNT Management's Motion for Leave to File Third-Party Complaint.  (ECF No. 55).

On May 26, 2015, TNT Management, as a Third-Party Plaintiff, filed a Third-Party Complaint against Defendants

8

Abso/SterlingBackcheck ("**Abso**" or "**Abso/SterlingBackcheck**").
(ECF No. 56).

On July 6, 2015, the Magistrate Judge approved a
Stipulation among Plaintiffs and Defendants to permit
Plaintiffs to file an Amended Complaint.  (ECF No. 62).

On July 21, 2015, Plaintiffs filed a FIRST AMENDED
COMPLAINT, adding Abso/SterlingBackcheck as Defendants.  (ECF
No. 73).

On August 7, 2015, Cross-Claimant TSS Staffing Agent
filed a Crossclaim against Cross-Defendants
Abso/SterlingBackcheck.  (ECF No. 87).

On August 10, 2015, Cross-Claimant TNT Management filed a
Crossclaim against Cross-Defendants Aloha King and
Abso/SterlingBackcheck.  (ECF No. 89).

On September 4, 2015, Third-Party Plaintiff TNT
Management filed a Notice of Dismissal Without Prejudice of
its Third-Party Complaint against Third-Party Defendants
Abso/SterlingBackcheck.  (ECF No. 98).

On September 8, 2015, Defendants Abso/SterlingBackcheck
filed a Motion to Dismiss Plaintiffs' First Amended Complaint.
(ECF No. 99).

On the same date, Abso/SterlingBackcheck, as Cross-
Defendants, filed a Motion to Dismiss Cross-Claimant TSS

9

Staffing Agent's Crossclaims Filed August 7, 2015. (ECF No. 100).

They also filed Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss Cross-Claimant TNT Management's Crossclaims Filed August 10, 2015. (ECF No. 101).

On September 16, 2015, Cross-Claimant Aloha King filed Crossclaims against Defendants Abso/SterlingBackcheck, Cross-Defendant TNT Management, and Cross-Defendant TSS Staffing Agent. (ECF No. 109).

On September 23, 2015, Plaintiffs filed their Memorandum in Opposition to Defendants Abso/SterlingBackcheck's Motion to Dismiss their First Amended Complaint. (ECF No. 112).

On the same date, Cross-Claimant TNT Management filed its Memorandum in Opposition to Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss its Crossclaim. (ECF No. 113).

Also on September 23, 2015, Cross-Claimant TSS Staffing Agent filed its Memorandum in Opposition to Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss its Crossclaim. (ECF No. 114).

On October 7, 2015, Cross-Defendants Abso/SterlingBackcheck filed their Reply in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF

No. 117).  Cross-Defendants Abso/SterlingBackcheck also filed their Reply in Support of their Motion to Dismiss Cross-Claimant TNT Management's Crossclaim (ECF No. 118) and their Reply in Support of their Motion to Dismiss Cross-Claimant TSS Staffing Agent's Crossclaim.  (ECF No. 119).

On the same date, Cross-Defendants Abso/SterlingBackcheck filed a Motion to Dismiss Cross-Claimant Aloha King's Crossclaim. (ECF No. 120).

On October 15, 2015, Defendants/Cross-Defendants Abso/SterlingBackcheck sent a letter requesting that the hearing on their four Motions set for November 16, 2015, be continued.  (ECF No. 124).

On October 16, 2015, the Court granted the request and set the hearing for November 20, 2015.  (ECF No. 125).

On October 27, 2015, Cross-Claimant Aloha King filed an Ex Parte Motion for Extension of Time to File its Memorandum in Opposition to Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss its Crossclaim.  (ECF No. 126).

On October 28, 2015, Cross-Defendants Abso/SterlingBackcheck filed a Statement of Position Regarding Aloha King's Ex Parte Motion.  (ECF No. 127).

On the same date, the Court granted Cross-Claimant Aloha King's Motion for Extension of Time and provided Cross-

Defendants Abso/SterlingBackcheck with additional time to file their Reply.  (ECF No. 128).

On October 30, 2015, Cross-Claimant Aloha King filed its Memorandum in Opposition to Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss its Crossclaim. (ECF No. 129).

On November 12, 2015, Cross-Defendants Abso/SterlingBackcheck filed their Reply Memorandum in Support of their Motion to Dismiss Cross-Claimant Aloha King's Crossclaim.  (ECF No. 132).

On November 20, 2015, the Court held a hearing on Defendants/Cross-Defendants Abso/SterlingBackcheck's four Motions to Dismiss (ECF Nos. 99, 100, 101, and 120).

## BACKGROUND

### PLAINTIFFS' FIRST AMENDED COMPLAINT (ECF No. 73)

The central claim in the First Amended Complaint involves allegations that in 2009, Plaintiff Masahiro Wada's fifteen year-old daughter, Plaintiff Maho Wada, was sexually assaulted by Dale McShane, the manager of a storage facility located in Honolulu.

Plaintiffs' First Amended Complaint asserts negligence claims against the numerous entities that owned, managed, and

contracted with the storage facility, claiming that they knew or should have known about Dale McShane's prior criminal history and registration as a sex offender.

**Allegations Regarding Dale McShane's Prior Criminal History**

The First Amended Complaint states that on January 14, 1985, McShane was convicted of attempted rape in the third degree and burglary in the first degree.  (First Amended Complaint at ¶ 12, ECF No. 73).

Plaintiffs assert McShane is and has been a registered sex offender.  (<u>Id.</u> at ¶ 22).

**Defendants' Relationship to the Storage Facility and the Employment of Dale McShane:**

**<u>The First Amended Complaint alleges the following</u>:**

The storage facility at issue, Aloha Island Self Storage, is owned by Defendant Aloha King, LLC ("**Aloha King**").  (First Amended Complaint at ¶ 7, ECF No. 73).

In February 2006, Defendant Aloha King contracted with Defendant TNT Self Storage Management, Inc. ("**TNT Management**") to manage the storage facility.  (<u>Id.</u> at ¶ 13, ECF No. 73).

Defendant TNT Management contracted with Defendant Total Storage Solutions ("**TSS Staffing Agent**"), for its personnel

13

and staffing matters related to its operation of the storage facility. (<u>Id.</u> at ¶¶ 7, 13). Defendant TNT Management is owned by the same individual that owns Defendant TSS Staffing Agent. (<u>Id.</u> at ¶ 13).

In June 2008, Defendant TSS Staffing Agent entered into a contract with Defendant Abso ("**Abso**" or "**Abso/SterlingBackcheck**") to perform employment and background screening services for the employees of the storage facility. (<u>Id.</u> at ¶ 14).

In November 2008, TNT Management hired Dale McShane as manager for the storage facility. (<u>Id.</u> at ¶¶ 7, 15). Defendant TSS Staffing Agent requested a background report on McShane from Defendant Abso. (<u>Id.</u> at ¶ 15). Defendant Abso provided a background report for McShane, dated February 5, 2009, and the report stated that "McShane had a clear County Criminal record and National Sex Offender record." (<u>Id.</u>)

Defendant SterlingBackcheck acquired Abso in 2010 and is a successor to Defendant Abso's liabilities. (<u>Id.</u> at ¶ 10).

**The First Amended Complaint's Sexual Assault Allegations**

In May 2009, Plaintiff Masahiro Wada rented a storage unit at the storage facility. (First Amended Complaint at ¶¶ 7, 16, ECF No. 73). Plaintiff Masahiro Wada frequented the storage facility and respected and trusted the storage

14

facility's manager, Dale McShane. (Id. at ¶ 17).  Plaintiff Masahiro Wada brought his fifteen year-old daughter, Plaintiff Maho Wada, to the storage facility in August 2009, and when he was out of sight, Plaintiff Maho Wada was kissed by McShane. (Id. at ¶ 20).

On September 11, 2009, McShane drove Plaintiff Maho Wada from the storage facility to her home. (Id. at ¶ 21).  While McShane was driving Plaintiff Maho Wada home, he pulled the car over, kissed Maho Wada, stuck his tongue in her mouth, and touched her arms and inner thigh.  (Id.)

Plaintiffs' First Amended Complaint names the following Defendants:

(1) Defendant Aloha King, LLC, as the owner of the storage facility, ("**Aloha King**");

(2) Defendant TNT Self-Storage Management, Inc., as the manager/operator of the storage facility, ("**TNT Management**");

(3) Defendant Total Storage Solutions, as the personnel and staffing agent for the storage facility, ("**TSS Staffing Agent**");

(4) Defendant Abso, as acquired by Defendant SterlingBackcheck, as the contractor who performed the background check on Dale McShane, ("**Abso**" or "**Abso/SterlingBackcheck**").

(First Amended Complaint, ECF No. 73).

Plaintiffs' First Amended Complaint (ECF No. 73) contains the following causes of action against each of the Defendants:

Count I:            **Negligent Hiring**

Count II:                **Negligent Control**

Count III:          **Negligence/Negligent Promotion**

Count IV:                **Negligent Failure to Warn**

Count V:            **Negligent Investigation/Negligent Failure to Investigate**

Count VI:                **Respondeat Superior**

Count VII:          **Negligent Infliction of Emotional Distress**

Count VIII:         **Loss of Consortium**

Count IX:                **Punitive Damages**

(First Amended Complaint at pp. 9-17, ECF No. 73).

Plaintiffs' counsel agreed at the hearing to dismiss

**Count VIII** for loss of consortium.  **Count VIII** in the First

Amended Complaint for Loss of Consortium is **DISMISSED WITH**

**PREJUDICE.**


**CROSSCLAIMS AGAINST CROSS-DEFENDANTS ABSO/STERLINGBACKCHECK**


There are three Crossclaims filed against Cross-

Defendants Abso/SterlingBackcheck.


**1.    Cross-Claimant TSS Staffing Agent's Crossclaim Against Cross-Defendants Abso/SterlingBackcheck (ECF No. 87)**


TSS Staffing Agent, as a co-Defendant, has filed a

16

Crossclaim against Cross-Defendants Abso/SterlingBackcheck. (TSS Staffing Agent's Crossclaim, ECF No. 87).

Cross-Claimant TSS Staffing Agent asserts in its Crossclaim that Plaintiffs Masahiro and Maho Wada filed a police report on September 19, 2009, alleging improper conduct by Dale McShane. (Id. at ¶ 5). Cross-Claimant TSS Staffing Agent asserts that after it was notified of the police report, it requested that Cross-Defendant Abso prepare another background report for Dale McShane. (Id. at ¶ 6). Cross-Claimant TSS Staffing Agent alleges that Cross-Defendant Abso provided another background report on Dale McShane on September 23, 2009, and it stated that Dale McShane was a registered Sex Offender for Attempted Rape in the 3rd Degree from an offense that occurred in Hawaii on January 14, 1985. (Id.)

Cross-Claimant TSS Staffing Agent asserts claims for breach of contract, negligence, and indemnification and contribution against Cross-Defendants Abso/SterlingBackcheck for failing to properly perform the background check on McShane. (Id. at pp. 4-7).

**2.    Cross-Claimant TNT Management's Crossclaim Against Cross-Defendants Abso and SterlingBackcheck (ECF No. 89-1)**

17

Cross-Claimant TNT Management has filed a Crossclaim in which it seeks indemnification and contribution from Cross-Defendants Abso/SterlingBackcheck as a result of Abso's failure to accurately perform the background check. (TNT Management's Crossclaim at pp. 3-6, ECF No. 89-1).

**3.    Cross-Claimant Aloha King's Crossclaim Against Cross-Defendants Abso/SterlingBackcheck (ECF No. 109-1)**

Cross-Claimant Aloha King also alleges claims for indemnification and contribution against Cross-Defendants Abso/SterlingBackcheck for Abso's failure to conduct a proper background check for Dale McShane. (Aloha King's Crossclaim at ¶¶ 1-3, 7, ECF No. 109-1).

**DEFENDANTS/CROSS-DEFENDANTS ABSO/STERLINGBACKCHECK'S FOUR MOTIONS TO DISMISS**

Defendants/Cross-Defendants Abso/SterlingBackcheck have filed four motions. Defendants/Cross-Defendants seek to dismiss Plaintiffs' First Amended Complaint and the three Crossclaims filed by Cross-Claimants TSS Staffing Agent, TNT Management, and Aloha King.

Defendants/Cross-Defendants Abso/SterlingBackcheck argue that the negligence claims in the First Amended Complaint and TSS Staffing Agent's Crossclaim are preempted by the federal Fair Credit Reporting Act.  Defendants/Cross-Defendants Abso/Sterling Backcheck argue that the claims in the First Amended Complaint and TSS Staffing Agent's Crossclaim are otherwise barred by the applicable statutes of limitations.

Defendants/Cross-Defendants Abso/SterlingBackcheck also seek to dismiss the First Amended Complaint and all three Crossclaims for failure to state a claim upon which relief can be granted.

## LEGAL STANDARDS

A Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

19

Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).  The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Id. at 1949 (citing Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Id. (quoting Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. (quoting Twombly, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

21

## ANALYSIS

I.   **The Fair Credit Reporting Act Does Not Preempt the Causes of Action Brought in Plaintiffs' First Amended Complaint (ECF No. 73) and TSS Staffing Agent's Crossclaim (ECF No. 87)**

   A.   **Preemption Pursuant to 15 U.S.C. § 1681h(e) of the Fair Credit Reporting Act**

Defendants/Cross-Defendants Abso/SterlingBackcheck contend that the negligence claims in Plaintiffs' First Amended Complaint and the Crossclaim filed by Cross-Claimant TSS Staffing Agent are preempted by Section 1681h(e) of The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681h(e).

Section 1681h(e) of the Fair Credit Reporting Act states:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency ... based on information disclosed ... except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

Section 1681h(e) preempts state law claims for negligence to the extent such claims are based on disclosure of certain types of information in an individual's consumer report furnished by a consumer reporting agency.  <u>Cisneros v. Trans Union, LLC</u>, 293 F.Supp.2d 1167, 1176-77 (D. Haw. 2003); <u>Subhani v. JPMorgan Chase Bank</u>, 2012 WL 1980416, *3 (N.D. Cal. June 1, 2012).

22

A "consumer reporting agency" is defined under the Fair Credit Reporting Act as:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

A consumer reporting agency prepares a "consumer report" for a "consumer."  The term "consumer report" as used in the Fair Credit Reporting Act has a broad definition.  The Act defines "consumer report" as:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, **character, general reputation, personal characteristics, or mode of living** which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
> (A)  credit or insurance to be used primarily for personal, family, or household purposes;
> (B)  **employment purposes**; or
> (C)  any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1) (emphasis added).

The majority of cases that arise under the Fair Credit Reporting Act involve a specific type of consumer report, namely a credit report.  <u>Salazar v. Golden State Warriors</u>, 124

23

F.Supp.2d 1155, 1158 (N.D. Cal. 2000).

Employee background checks are another main type of "consumer report" under the Fair Credit Reporting Act. A background check constitutes a "consumer report" for purposes of the Fair Credit Reporting Act when it is performed for the purpose of evaluating a "consumer" for employment, promotion, reassignment or retention as an employee. 15 U.S.C. § 1681a(h); Johnson v. Sherwin-Williams Co., 2015 WL 4730197, *3 (N.D. Ohio Aug. 10, 2015).

The Fair Credit Reporting Act defines a "consumer" as "an individual." 15 U.S.C. § 1681a(c). The "consumer" in a Fair Credit Reporting Act claim is the individual for whom a consumer report has been sought. Ross v. Federal Deposit Insurance Corporation, 625 F.3d 808, 814 (4th Cir. 2010); Woods v. Protection One Alarm Monitoring, Inc., 628 F.Supp.2d 1173, 1180 (E.D. Cal. 2007); Johnson, 2015 WL 4730197 at *2.

The "consumer" is not the employer who requested a consumer report in order to evaluate the prospective employee's background for employment purposes. 15 U.S.C. § 1681a(c) (defining "consumer" as an "individual"); Johnson, 2015 WL 4730197 at *3.


**B.    Plaintiffs' and Cross-Claimant TSS Staffing Agent's**

**Negligence Claims Are Not Preempted Pursuant to 15 U.S.C. § 1681h(e) of the Fair Credit Reporting Act**

Defendants/Cross-Claimants Abso/SterlingBackcheck assert that the state law negligence claims filed by Plaintiffs Masahiro and Maho Wada and Cross-Claimant TSS Staffing Agent are preempted pursuant to 15 U.S.C. § 1681h(e) of the federal Fair Credit Reporting Act.

Section 1681h(e) preempts negligence causes of action brought by a "consumer" against a "consumer reporting agency" for inaccurate information in his "consumer report."

Here, Defendant Abso is the "consumer reporting agency" who prepared a "consumer report" when it conducted a background check on Dale McShane.  15 U.S.C. § 1681a(f); 15 U.S.C. § 1681a(d)(1); 15 U.S.C. § 1681a(h).

The "consumer" at issue is Dale McShane.  McShane is the individual for whom an evaluation was made into his character, general reputation, or personal characteristics in establishing the "consumer's" eligibility for employment.  15 U.S.C. § 1681a(d)(1); Ross, 625 F.3d 808, 814 (4th Cir. 2010); Woods, 628 F.Supp.2d at 1180; Johnson, 2015 WL 4730197, at *3.

McShane has not filed any claims and is not a party to these proceedings.

25

### 1.   Plaintiffs' Negligence Claims are Not Preempted

Plaintiffs Masahiro Wada and Maho Wada are not "consumers" for purposes of the preemption provision found in Section 1681h(e) of the Fair Credit Reporting Act.  15 U.S.C. § 1681h(e).  Section 1681a(d)(1) explicitly provides that a consumer report is conducted for purposes of evaluating the "consumer's" eligibility for credit, insurance, or employment.

Defendant Abso never prepared a "consumer report" that evaluated Plaintiffs.  Plaintiffs Masahiro and Maho Wada's claims that Defendant Abso was negligent in performing its background check of Dale McShane are not subject to preemption pursuant to 15 U.S.C. § 1681h(e).

### 2.   Cross-Claimant TSS Staffing Agent's Negligence Claims are Not Preempted

The negligence claims of Cross-Claimant TSS Staffing Agent are also not preempted pursuant to the Fair Credit Reporting Act.  Cross-Claimant TSS Staffing Agent is not a "consumer" for purposes of Section 1681a(e) of the Fair Credit Reporting Act.  A business entity is not a an "individual" and therefore not a "consumer" for purposes of the Fair Credit Reporting Act.  15 U.S.C. § 1681a(c) (defining "consumer" as

26

an "individual"); <u>Apodaca v. Discover Financial Srvs.</u>, 417 F.Supp.2d 1220, 1228 (D. N.M. Mar. 2, 2006).

The definition of a "consumer" in the Fair Credit Report Act was intended to limit the Act's preemption provisions to claims filed by individuals who were the subject of a consumer report. <u>Antwerp Diamond Exchange of America, Inc. v. Better Business Bureau of Maricopa County, Inc.</u>, 637 P.2d 733, 739 (Ariz. 1981).

Business entities, such as Cross-Claimant TSS Staffing Agent, are not consumers who have had a consumer report furnished on their behalf under the Act.  The Federal Credit Reporting Act is clear that a "consumer report" is conducted for an individual and evaluates the individual's personal characteristics.  15 U.S.C. § 1681a(d)(1)(A)-(B).

Nothing in the Fair Credit Reporting Act indicates that a "consumer" is a business entity.  Plaintiffs have not pointed to any cases that have found a business entity to be a "consumer" pursuant to the Fair Credit Reporting Act.

The state law claims in Plaintiffs' First Amended Complaint and Cross-Claimant TSS Staffing Agent's Crossclaim are not preempted by Section 15 U.S.C. § 1681h(e) of the Fair Credit Reporting Act.

## II.  Plaintiffs Have Stated Claims For Negligence Against

27

**Defendants Abso/SterlingBackcheck**

In the First Amended Complaint, Plaintiffs assert a number of state law negligence causes of action against Defendants Abso, and against Defendant SterlingBackcheck based on its acquisition of Defendant Abso.  Under Hawaii law, a successful negligence claim must satisfy the following four elements:

> (1)  a duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;
>
> (2)  a failure on the actor's part to conform to the standard required;
>
> (3)  a reasonably close causal connection between the conduct and the resulting injury; and,
>
> (4)  actual loss or damage resulting to the interests of another.

Ono v. Applegate, 612 P.2d 533, 538-39 (Haw. 1980).

**A.    Duty of Care**

A prerequisite to any negligence action is the existence of a duty owed by the defendant to the plaintiff.  Maguire v. Hilton Hotels Corp., 899 P.2d 393, 395 (Haw. 1995).

Hawaii state law imposes a duty to control the conduct of another in order to protect a third party when a special relationship exists.  Lee v. Corregedore, 925 P.2d 324, 329

(Haw. 1996); <u>Hanakahi v. United States</u>, 325 F.Supp.2d 1125,

1131 (D. Haw. 2002).


    **1.   Special Relationship**


    Hawaii law follows the Restatement (Second) of Torts §§

315, 319, which provide:


> **Section 315**
> There is no duty to control the conduct of a third
> person as to prevent him from causing harm to
> another unless:
>> (a)  a special relationship exists between the
>>      actor and the third person which imposes a
>>      duty upon the actor to control the third
>>      person's conduct, or
>
>> (b)  a special relation exists between the actor
>>      and the other which gives to the other a
>>      right to protection.
>
> Restatement (Second) of Torts § 315.


> **Section 319**
> One who takes charge of a third person whom he knows
> or should know to be likely to cause bodily harm to
> others if not controlled is under a duty to exercise
> reasonable care to control the third person to
> prevent him from doing such harm.
>
> Restatement (Second) of Torts § 319; <u>see</u> <u>Seibel v.</u>
> <u>City of Honolulu</u>, 602 P.2d 532, 536 (Haw. 1979).


    Here, the First Amended Complaint contains numerous

allegations that Defendant Abso owed Plaintiffs a duty of care

because it knew or should have known that Dale McShane was

likely to cause harm to patrons of the storage facility based on his criminal history and registration as a sex offender. (First Amended Complaint at ¶¶ 22, 26, 28-29, 35, 38, 45, ECF No. 73).

Plaintiffs' First Amended Complaint asserts "[g]iven Defendants' actual or constructive knowledge of McShane's status as a convicted felon and registered sex offender and/or Defendants' actual or constructive knowledge that McShane had a sexual and or otherwise inappropriate interest in children visiting the Storage Facility, Defendants had a duty to warn Masahiro and other parents not to let their children be alone with McShane." (Id. at ¶ 45).

A special relationship exists between Defendant Abso and Dale McShane as they agreed to assess his criminal background in order to evaluate any threat he may pose to patrons of the storage facility. There are allegations that Defendant Abso knew or should have known that Dale McShane posed a risk to the patrons of the storage facility based on his felony conviction and registered sex offender status.

Defendant Abso had a responsibility to exercise reasonable care in performing its background check services based on the special relationship found in Restatement (Second) of Torts §§ 315, 319.

## 2.   Foreseeability

Once the existence of a special relationship is established, the determination of whether there is a duty turns upon whether the actions of the third party are reasonably foreseeable.   MacGuire, 899 P.2d at 399.

Evidence of prior criminal acts by the third party is probative of the foreseeability of harm, but such proof is not a prerequisite to a finding of foreseeability.   Id.   The test for determining foreseeability is based on the totality of the circumstances.   Id.

Here, the totality of the circumstances supports finding that Defendant Abso owed a duty of care to Plaintiffs. Storage facilities are accessible by patrons at nearly any time during the day or night and they contain small and confined spaces.   It is reasonably foreseeable that a registered sex offender working as a manager at a storage facility could foreseeably pose a threat to any patron, regardless of age.

There are specific allegations that Defendant Abso knew or should have known that Dale McShane had previously committed criminal acts and that his behavior posed a threat to patrons of the storage facility.   The incidents of prior

criminal acts by Dale McShane is probative of the foreseeability of harm.  <u>Maquire</u>, 899 P.2d at 399.

The Hawaii Supreme Court has found that the duty provided by the special relationship in Restatement (Second) of Torts § 319 is not extended to the general public when the police department releases a criminal from custody because there is not sufficient foreseeability to the potential victim.  <u>Ruf v. Honolulu Police Dept.</u>, 972 P.2d 1081, 1095-96 (Haw. 1999).

Unlike in <u>Ruf</u>, the Plaintiffs here do not seek a duty of care to the entire general public.  The Plaintiffs correctly assert that Defendant Abso owed a duty to the patrons of the storage facility as reasonably foreseeable victims.

Other jurisdictions have found a duty of care based on similar allegations.  In <u>Doe v. Hartz</u>, 52 F.Supp.2d 1027, 1074 (N.D. Iowa 1999), the plaintiff filed a negligence claim against the church that employed a priest she alleged had molested her.  The District Court for the Northern District of Iowa held that the church had a duty of care to the plaintiff pursuant to Restatement (Second) of Torts § 319.  <u>Id.</u> at 1073-74.  The District Court ruled that there were sufficient allegations for plaintiff to state a claim for negligence based on her assertion that the church defendants knew of the priest's mental defect that rendered him unable to control his

32

sexual behavior toward women and girls such that he posed a threat to parishoners. Id. at 1072-74.

State courts have also found a duty of care pursuant to Restatement (Second) of Torts § 319 when there are allegations that an employer or its agent knew of the threat a person it controlled posed to its patrons. See C.J.C. v. Corporation of Catholic Bishop of Yakima, 985 P.2d 262, 273, 276 (Wash. 1999) (en banc) (finding plaintiff stated a negligence claim against church elders who knew the priest had sexually abused children in the past and did not prevent his contact with children); Delk v. Columbia/HCA Healthcare Corp., 523 S.E.2d 826, 832 (Va. 2000) (finding plaintiff stated a claim against a hospital for failure to protect her from sexual assault committed by another patient).

### 3.    Duty of Care Pursuant to Haw. Rev. Stat. § 657-1.8

A duty of care may also be found in Haw. Rev. Stat. § 657-1.8.  Haw. Rev. Stat. § 657-1.8 provides a basis for a cause of action against a legal entity for sexual abuse of a minor that occurred under its control.  See Roe v. Ram, Civ. No. 14-00027LEK-RLP, 2014 WL 4276647, *3 (D. Haw. Aug. 29, 2014).

Haw. Rev. Stat. § 657-1.8(b)(2) provides that a plaintiff

33

may recover for damages against a legal entity when the abuser and the victim were engaged in an activity over which the legal entity had a degree of responsibility or control.

Plaintiffs have sufficiently alleged a duty of care. Plaintiffs claim Defendant Abso had a responsibility to the patrons of the storage facility to conduct accurate background checks for the employees of the storage facility.  Plaintiffs have alleged that potential harm to the patrons of the storage facility was reasonably foreseeable as Defendant Abso, and Defendant SterlingBackcheck as its successor, knew or should have known that Dale McShane posed a threat to patrons of the storage facility.

### B.   Breach of Duty and Legal Causation

The elements of breach of duty and causation are questions of fact.  Maquire, 899 P.2d at 395; Lee, 925 P.2d at 336.  The trier of fact must examine if there was a failure on the defendant's part to exercise reasonable care under their prevailing duty based on the foreseeable range of danger.  Knodie v. Waikiki Gateway Hotel, Inc., 742 P.2d 377, 385 (Haw. 1987) (citing Bidar v. Amfac, Inc., 669 P.2d 154, 159 (Haw. 1983)).

### 1.   Allegations of Breach of Duty and Legal

**Causation**

The First Amended Complaint alleges that Defendants Abso/SterlingBackcheck breached the duties of care owed to Plaintiffs because they "knew or should have known that McShane was a convicted felon and a registered sex offender prior to the above-referenced incidents when McShane kissed and touched Maho." (First Amended Complaint at ¶¶ 22, ECF No. 73).

Plaintiffs allege the duties of care were breached when Defendant Abso failed to identify McShane as a convicted felon and registered sex offender in the background check it conducted. (Id. at ¶ 51-52). Plaintiffs assert that Defendants Abso/SterlingBackcheck's breach of the duty of care caused Plaintiffs' harm. (Id. at ¶¶ 39, 43, 47, 53, 62-63).

## 2. Disclosure of Convictions Pursuant to Haw. Rev. Stat. § 378-2.5

Defendants Abso/SterlingBackcheck claim they could not have breached any duty because they were prevented from disclosing McShane's 1985 criminal conviction pursuant to Haw. Rev. Stat. § 378-2.5(c).

Haw. Rev. Stat. § 378-2.5 provides that an employer may inquire about and consider an individual's criminal conviction

35

record for a period that does not exceed the most recent ten years when making employment decisions.  Haw. Rev. Stat. §§ 378-2.5(a), (c).

Defendants Abso/SterlingBackcheck have not pointed to any provision in Haw. Rev. Stat. § 378-2.5 that prohibits the disclosure of a person's requirement to register as a sex offender.  To the contrary, Haw. Rev. Stat. § 846E-1 <u>et</u> <u>seq</u>. requires public disclosure of information about covered sex offenders, such as Dale McShane.  Haw. Rev. Stat. §§ 846E-1, 2(a), 3(e)-(g).

There are sufficient facts as pled in the First Amended Complaint that Defendants Abso/SterlingBackcheck breached their duty of care and caused harm to Plaintiffs.

Plaintiffs allege that Defendants Abso/SterlingBackcheck knew that McShane was a registered sex offender and that he posed a threat to patrons of the storage facility but failed to control Dale McShane or otherwise protect potential victims such as Plaintiffs.

There are sufficient facts for a trier of fact to find that the potential harm to patrons of the storage facility was reasonably foreseeable.

**C.   Injury**

36

The First Amended Complaint contains sufficient facts that Plaintiffs Masahiro and Maho Wada were injured as a result of Defendants Abso/SterlingBackcheck's negligence. (First Amended Complaint at ¶¶ 39, 43, 47, 53, 62-63, 65, ECF No. 73).

### D.    Statute of Limitations

Defendants Abso/SterlingBackcheck assert that Plaintiffs' claims are barred pursuant to the statute of limitations for tort claims found in Haw. Rev. Stat. § 657-7.

Haw. Rev. Stat. § 657-7 provides, in relevant part, that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after[.]"

Pursuant to Haw. Rev. Stat. § 657-7, a tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the negligent act, the damage, and the causal connection between the two. Yamaguchi v. Queen's Med. Ctr., 648 P.2d 689, 693-94 (Haw. 1982).

Plaintiffs have not provided sufficient facts to demonstrate when they discovered the negligent act, the damage, and the causal connection between the two. Id.

Plaintiffs are given leave to amend the First Amended

37

Complaint to include sufficient facts to establish that their causes of action in **Counts I-VII** were filed within the applicable statute of limitations.[1]

Plaintiffs' counsel agreed at the hearing to dismiss **Count VIII** for loss of consortium.

Defendants Abso and SterlingBackcheck's Motion to Dismiss the First Amended Complaint Filed on July 21, 2015 (ECF No. 99) is **GRANTED WITH LEAVE TO AMEND**.

**Count VIII** in the First Amended Complaint for Loss of Consortium is **DISMISSED WITH PREJUDICE**.

## III.     Cross-Claimants TSS Staffing Agent, TNT Management, and Aloha King's Crossclaims Against Cross-Defendants Abso/SterlingBackcheck

Crossclaims are affirmative claims for relief filed by one party against a coparty.  Moore's Fed. Practice § 13.60 (3d. 2014).

Pursuant to Federal Rule of Civil Procedure 13(g), a pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any

---

[1] **Count IX** for punitive damages is a request for relief and not a cause of action.

38

property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.  Fed. R. Civ. P. 13(g).

In considering whether to dismiss a crossclaim, the Court must accept the allegations of the crossclaim as true, construe the pleadings in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Independent Living Center of So. Cal. V. City of Los Angeles, Cal., 973 F.Supp.2d 1139, 1146 (C.D. Cal. 2013).  Dismissal for failure to state a claim can be warranted based on either a lack of cognizable legal theory or the absence of factual support for a cognizable legal theory.  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

**A.   Cross-Claimant TSS Staffing Agent's Crossclaim Against Cross-Defendants Abso/SterlingBackcheck (ECF No. 87)**

Cross-Claimant TSS Staffing Agent filed a Crossclaim against Cross-Defendants Abso/SterlingBackcheck with the following causes of action:

| Count I: | Breach of Contract against Defendant Abso |
| Count II: | Negligence against Defendant Abso |

39

Count III:       Indemnification and Contribution against
                 Defendant Abso

Count IV:        Indemnification and Contribution
                 against Defendant SterlingBackcheck.

(Cross-Claimant TSS Staffing Agent's Crossclaim, ECF No. 87).

**Count I:   Cross-Claimant TSS Staffing Agent's Breach of
            Contract Claim Against Cross-Defendant Abso**

Cross-Claimant TSS Staffing Agent has filed a breach of
contract claim against Cross-Defendant Abso.

The Court takes notice that there was a contract entered
into between Cross-Claimant TSS Staffing Agent and Abso
asserts that the "Agreement shall be governed by and construed
in accordance with the laws of the State of California."
(See "Application and Agreement" entered into by Cross-
Claimant TSS Staffing Agent and Cross-Defendant Abso on June
4, 2008, attached as Ex. A to Cross-Defendants
Abso/SterlingBackcheck's Motion to Dismiss Cross-Claimant TSS
Staffing Agent's Crossclaims, ECF No. 100-3).

A breach of contract claim under California law requires
the plaintiff to provide sufficient allegations that a
contract existed between the parties, that the plaintiff
performed under the contract, and that the defendant failed to
perform an obligation under the contract, which caused damage

40

to the plaintiff.  <u>Ersa Grae Corp. v. Fluor Corp.</u>, 1 Cal. App.
4th 613, 624-25 (Cal. Ct. App. 1991); Cal. Civ. Jury
Instructions § 10.85.

### 1.  Factual Allegations

Cross-Claimant TSS Staffing Agent's Crossclaim alleges
that in June 2008 it entered into a contract with Defendant
Abso to provide employment and background screening services.
(Cross-Claimant TSS Staffing Agent's Crossclaim at ¶ 3, ECF
No. 87).

Cross-Claimant TSS Staffing Agent states that in November
2008, it hired Dale McShane and requested a background report
from Cross-Defendant Abso pursuant to their June 2008
contract.  (<u>Id.</u> at ¶ 4).  Cross-Claimant TSS Staffing Agent
alleges that on February 5, 2009, it received the background
report on Dale McShane provided by Cross-Defendant Abso.
(<u>Id.</u>)  Cross-Claimant TSS Staffing Agent asserts that the
background report indicated that McShane had a "clear County
Criminal record and National Sex Offender record."  (<u>Id.</u>)
Cross-Claimant TSS Staffing Agent's Crossclaim asserts that
Cross-Defendant Abso failed to provide an accurate background
check for McShane because it did not notify the Cross-Claimant
TSS Staffing Agent that McShane had a prior criminal record

and was a registered sex offender.  (<u>Id.</u> at ¶¶ 6-7).

Cross-Claimant TSS Staffing Agent alleges that "Defendant ABSO breached the contract with [Cross-Claimant TSS Staffing Agent] in failing to provide a complete and accurate background check on Dale McShane."  (<u>Id.</u> at ¶ 9).  Cross-Claimant TSS Staffing Agent asserts that it has suffered injuries as a result of Cross-Defendant Abso's failure to comply with the terms of the contract.  (<u>Id.</u> at ¶¶ 7, 10-11).

### 2.   Statute of Limitations

Cross-Defendant Abso asserts that Cross-Claimant TSS Staffing Agent's breach of contract claim is barred by the applicable statute of limitations.

Crossclaims for affirmative relief are subject to the operation of applicable statutes of limitations.  3 <u>Moore's Fed. Practice</u> § 13.93; <u>NanoLogix, Inc. V. Novak</u>, 2015 WL 1400656, at *9 (N.D. Ohio Mar. 26, 2015) (finding that a crossclaim filed pursuant to Fed. R. Civ. P. 13 was subject to the state's one-year statute of limitations for malpractice claims).

California has a four-year statute of limitations for breach of written contract claims.  Cal. Civ. Proc. Code § 337.

42

Pursuant to California law, a cause of action for breach of contract accrues at the time of the breach, which then starts the limitations period running.  <u>Whorton v. Dillingham</u>, 202 Cal.App.3d 447, 456 (Cal. Ct. App. 1988).

Here, Cross-Claimant TSS Staffing Agent asserts that it entered into a contract with Cross-Defendant Abso in June 2008 and received background reports from Defendant Abso on February 5, 2009 and September 23, 2009.  (Cross-Claimant TSS Staffing Agent's Crossclaims at ¶¶ 3, 4, 6, ECF No. 87).  Cross-Claimant TSS Staffing Agent did not file its breach of contract claim until August 7, 2015, more than four years after it alleges Defendant Abso failed to provide accurate background reports for Dale McShane.

Under California law, an important exception to the general rule of accrual to begin the statute of limitations period is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.  <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 110 P.3d 914, 920 (Cal. 2005).  A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements."  <u>Norgart v. Upjohn Co.</u>, 981 P.2d 79, 88 (Cal. 1999).

Cross-Claimant TSS Staffing Agent has not provided

43

sufficient facts in its Crossclaim to show the time and manner of discovery of the alleged breach of contract and/or has not explained its inability to have made earlier discovery despite reasonable diligence. <u>Fox</u>, 110 P.3d at 920.

Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss (ECF No. 100) as to Count I for breach of contract in Cross-Claimant TSS Staffing Agent's Crossclaim is **GRANTED WITH LEAVE TO AMEND.**

Count II:                    **Cross-Claimant TSS Staffing Agent's Negligence Claim against Cross-Defendant Abso**

Cross-Claimant TSS Staffing Agent has filed a Crossclaim for negligence against Cross-Defendant Abso.

To state a negligence claim under Hawaii law, the pleading must contain sufficient allegations to state a duty of care, a breach of the duty, causation, and injury. <u>Ono</u>, 612 P.2d at 538-39.

Cross-Claimant TSS Staffing Agent has not provided sufficient facts to establish a duty of care necessary for a negligence cause of action.

Cross-Claimant TSS Staffing Agent's Crossclaim asserts

that "Defendant ABSO owed a duty of care to advise it of any limitations in its ability to research and investigate background checks.  Defendant ABSO owed a duty of care in its investigation and preparation of the background check report requested and eventually provided to [Cross-Claimant TSS Staffing Agent] on Dale McShane." (Cross-Claimant TSS Staffing Agent's Crossclaim at ¶ 13, ECF No. 87).

Cross-Claimant TSS Staffing Agent has not provided sufficient facts to establish a duty of care owed by Defendant Abso that could be recognized outside of the terms of their contractual relationship.  See <u>Hawaii Motorsports Inv., Inc. v. Clayton Group Srvs, Inc.</u>, 693 F.Supp.2d 1192, 1196 (D. Haw. 2010); <u>cf.</u> <u>Blair v. Ing</u>, 21 P.3d 452, 464, n.10 (Haw. 2001) (finding that the plaintiff could proceed on either a negligence theory or a breach of contract theory because there was a separate duty of care that was owed to the plaintiff outside of the parties' contractual relationship).

Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss (ECF No. 100) as to Count II for negligence in Cross-Claimant TSS Staffing Agent's Crossclaim is **GRANTED WITH LEAVE TO AMEND**.

> **Counts III and IV:   Cross-Claimant TSS Staffing Agent's Contribution and Indemnity Claims against Cross-Defendants**

**Abso/SterlingBackcheck**

Indemnification can be imposed when "two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both."  Restatement (Second) of Torts § 886B(1).  Under those circumstances, the party is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability.  Id.

Contribution is found pursuant to Hawaii statutory law when there is liability among joint tortfeasors.  Haw. Rev. Stat. § 663-12; Restatement (Second) of Torts § 886A(1).

Cross-Claimant TSS Staffing Agent has sufficiently alleged indemnification and contribution claims as joint tortfeasors against Cross-Defendants Abso/SterlingBackcheck. (TSS Staffing Agent's Crossclaim at ¶¶ 18-22, ECF No. 87).

## 1.  Fed. R. Civ. P. 13(g)

Fed. R. Civ. P. 13(g) provides that a crossclaim can be brought if the party against whom it is asserted "is or **may be** liable to the crossclaimant for all or part" of plaintiff's claim.  Fed. R. Civ. P. 13(g) (emphasis added).

Contrary to Cross-Defendants Abso/SterlingBackcheck's arguments in their Motion to Dismiss, the crossclaim provision

46

in Federal Rule of Civil Procedure 13(g) does not require that the indemnification or contribution claims be mature at the time of pleading.   6 <u>Wright, Miller & Kane</u> § 1431 at pp. 281.

The Tenth Circuit Court of Appeals explained in <u>Providential Development Co. v. U.S. Steel Co.</u>, that:

> [Federal Rule of Civil Procedure 13(g)] expressly authorizes the inclusion in such cross-claim a claim that the party against whom it is asserted "is or may be liable to the cross-claimant for all of part of a claim asserted in the action against the cross-claimant." The rule is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case. The rule is remedial in nature, intended to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from one set of facts; and it should be liberally construed to achieve that commendable objective.

236 F.2d, 277, 281 (10th Cir. 1956).

A crossclaim can be contingent upon the ultimate adjudication of the crossclaimant's liability to plaintiff. <u>Glens Falls Indem. Co. v. U.S. ex rel. and to use of Westinghouse Elec. Supply Co.</u>, 229 F.2d 370, 372-74 (9th Cir. 1955).

Cross-Claimant TSS Staffing Agent has stated claims for indemnification and contribution based on its allegations that it may be found liable for injuries to Plaintiffs and that Cross-Defendants Abso/SterlingBackcheck are responsible for

the injuries.  (Cross-Claimant TSS Staffing Agent's
Crossclaims at ¶¶ 18-19, 21-22, ECF No. 87).

###    2.    The Economic Loss Rule

Cross-Defendants Abso/SterlingBackcheck assert that the
indemnification and contribution claims contained in the
Cross-Claims filed by Cross-Claimant TSS Staffing Agent are
barred by the economic loss rule.

Under Hawaii law, the so-called "economic loss rule"
applies to bar recovery in product liability cases for pure
economic loss in actions stemming from injury only to the
product itself.  State of Hawaii ex rel. Bronster v. U.S.
Steel Corp., 919 P.2d 294, 307 (Haw. 1996); Haw. Rev. Stat. §
663-1.2; see SCD RMA, LLC v. Farsighted Enterprises, 591
F.Supp.2d 1141, 1148 (D. Haw. 2008).

The Hawaii Supreme Court has recognized exceptions to the
economic loss rule and found that it does not apply when a
defective product causes personal injury or damage to "other
property." Association of Apartment Owners of Newtown Meadows
ex rel. its Bd. Of Directors v. Venture 15, Inc., 167 P.3d
225, 286-88 (Haw. 2007); Kawamata Farms, Inc. v. United Agri
Prods., 948 P.2d 1055, 1095 (Haw. 1997).

A court evaluating the applicability of the economic loss

rule must analyze the object of the bargain between the parties in order to determine what constitutes "the product" and what constitutes "other property." Windward Aviation, Inc. v. Rolls-Royce Corp., Civ. No. 10-00542 ACK-BMK, 2011 WL 2670180, *6 (D. Haw. July 6, 2011).

Here, Cross-Defendants Abso/SterlingBackcheck have not established that the rule barring tort claims for purely economic losses applies. Cross-Claimant TSS Staffing Agent's Crossclaim is predicated on the original personal injury claims asserted by Plaintiffs, and Plaintiffs' claims are not exclusively for economic loss. See Options Center for Independent Living v. G & V Development Co., 229 F.R.D. 149, 152 (C.D. Ill. 2005) (finding the state law rule barring tort claims for purely economic losses did not preclude a crossclaim for professional malpractice which was premised on the complaint's claims for non-economic injuries).

Cross-Claimant TSS Staffing Agent's indemnification and contribution claims are seeking damages as joint tortfeasors and these claims directly relate to Plaintiffs' personal injuries. Such injuries are not subject to the economic loss rule. Association of Apartment Owners of Newtown Meadows ex rel. its Bd. Of Directors, 167 P.3d at 286-88; Kawamata Farms, Inc., 948 P.2d at 1095.

49

Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss (ECF No. 100) as to Cross-Claimant TSS Staffing Agent's Crossclaim for indemnification and contribution is **DENIED**.

      **B.**    **Cross-Claimant TNT Management's Crossclaim against Cross-Defendants Abso/SterlingBackcheck (ECF No. 89-1)**

Cross-Defendants Abso/SterlingBackcheck filed a Motion to Dismiss TNT Management's Crossclaim for indemnification and contribution.[2]  Cross-Defendants argue that TNT Management's Crossclaim does not contain sufficient facts to state a claim. They also argue that TNT Management's claims are barred by the economic loss rule.

Cross-Claimant TNT Management has stated sufficient allegations to state contribution and indemnification claims.

---

[2] Cross-Defendants Abso/SterlingBackcheck argue in their Motion to Dismiss Cross-Claimant TNT Management's Crossclaim that Cross-Claimant TNT Management has brought causes of action for negligence and breach of contract. (Cross-Defendants Abso/SterlingBackcheck's Memorandum of Law in Support of their Motion to Dismiss TNT Self Storage Management's Crossclaims at pp. 15-20, 22-30, ECF No. 101-1). Cross-Defendants Abso/SterlingBackcheck are incorrect.  Cross-Claimant TNT Management's Crossclaim does not contain claims for negligence and breach of contract. (TNT Management's Crossclaims at pp. 2-4, ECF No. 89-1).  TNT Management conceded in its Opposition that it has not brought negligence and breach of contract claims in its Crossclaim.  (TNT Management's Opp. at p. 17, ECF No. 113).

<u>Glens Falls Indem. Co.</u>, 229 F.2d at 372-74; <u>see</u> Cross-Claimant TNT Management's Crossclaim at ¶¶ 4-6, ECF No. 89-1.

Cross-Claimant TNT Management's Crossclaim is not barred by the economic loss rule.  <u>Association of Apartment Owners of Newtown Meadows ex rel. its Bd. Of Directors</u>, 167 P.3d at 286-88; <u>Kawamata Farms, Inc.</u>, 948 P.2d at 1095.

Cross-Defendants Abso/SterlingBackcheck's Motions to Dismiss the Crossclaim filed by Cross-Claimants TNT Management (ECF No. 101) is **DENIED.**

## C.    Cross-Claimant Aloha King's Crossclaim against Cross-Defendants Abso/SterlingBackcheck (ECF No. 109-1)

Cross-Defendants Abso/SterlingBackcheck filed a Motion to Dismiss Aloha King's Crossclaim for indemnification and contribution.  Cross-Defendants argue that Aloha King's Crossclaim does not contain sufficient facts to state a claim.

Cross-Claimant Aloha King has stated sufficient allegations to state contribution and indemnification claims. <u>Glens Falls Indem. Co.</u>, 229 F.2d at 372-74; <u>see</u> Aloha King, LLC's Crossclaim at ¶¶ 1-3, 7, ECF No. 109-1.

Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss the Crossclaim filed by Cross-Claimant Aloha King (ECF No. 120) is **DENIED.**

## CONCLUSION

(1)   **Defendants Abso/SterlingBackcheck's Motion to Dismiss the Plaintiffs' Complaint (ECF No. 99) is GRANTED WITH LEAVE TO AMEND.**

    (a)   **Counts I-VII** in the First Amended Complaint are **DISMISSED WITH LEAVE TO AMEND.** Plaintiffs are given leave to amend in order to provide sufficient facts to support the extended accrual of the statute of limitations for their tort claims pursuant to Haw. Rev. Stat. § 657-7.

    (b)   **Count VIII** for Loss of Consortium is **DISMISSED WITH PREJUDICE.**

    (c)   Plaintiffs are given leave to amend their First Amended Complaint on or before **February 10, 2016.** Plaintiffs' amended complaint must conform to the rulings contained in this Order.

(2)   **Cross-Defendants Abso/SterlingBackcheck's Motion to Dismiss the Crossclaim filed by Cross-Claimant TSS Staffing Agent (ECF No. 100) is GRANTED, IN PART, AND DENIED, IN PART, WITH LEAVE TO AMEND.**

    (a)   **Count I** for breach of contract is **DISMISSED WITH LEAVE TO AMEND.** Cross-Claimant TSS Staffing Agent is given leave to amend Count I for breach of contract in its Crossclaim in order to provide sufficient facts to support the extended accrual of the statute of limitations under California law.

    (b)   **Count II** for negligence is **DISMISSED WITH LEAVE TO AMEND.** Cross-Claimant TSS Staffing Agent is given leave to amend to provide sufficient facts to state a plausible negligence claim against Cross-Defendants Abso/SterlingBackcheck.

    (c)   **Counts III and IV** for indemnification and contribution claims contain sufficient facts to state a claim.

        **(d)** Cross-Claimant TSS Staffing Agent is given leave to amend their Crossclaim on or before **February 10, 2016.** Cross-Claimant TSS Staffing Agent's amended crossclaim must conform to the rulings contained in this Order.

   **(3)** **Cross-Defendants Abso and SterlingBackcheck's Motion to Dismiss the Crossclaims filed by Cross-Claimant TNT Self Storage Management, Inc. (ECF No. 101) is DENIED.**

   **(4)** **Cross-Defendants Abso and SterlingBackcheck's Motion to Dismiss the Crossclaims filed by Cross-Claimant Aloha King, LLC (ECF No. 120) is DENIED.**

IT IS SO ORDERED.

DATED:      Honolulu, Hawaii, December 23, 2015.

Maho Wada; Masahiro Wada vs. Aloha King, LLC; Total Storage Solutions; TNT Self Storage Management, Inc.; Asbo; SterlingBackcheck; Doe Defendants 1-20; Cross-Claimant Aloha King, LLC vs. Cross-Defendants TNT Self Storage Management, Inc.; Total Storage Solutions; Abso; SterlingBackcheck; Cross-Claimant Total Storage Solutions vs. Cross-Defendants Aloha King, LLC; Abso; SterlingBackcheck; Cross-Claimant TNT Self Storage Management, Inc. vs. Cross-Defendants Aloha King, LLC; Abso; SterlingBackcheck; Civ. No. 14-00275 HG-BMK; **ORDER GRANTING DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FILED JULY 21, 2015 (ECF No. 99) WITH LEAVE TO AMEND and GRANTING, IN PART, AND DENYING, IN PART, CROSS DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS TOTAL STORAGE SOLUTIONS' CROSSCLAIMS FILED ON AUGUST 7, 2015 (ECF No. 100) WITH LEAVE TO AMEND and DENYING CROSS DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS TNT SELF STORAGE MANAGEMENT, INC.'S CROSSCLAIMS FILED ON AUGUST 10, 2015 (ECF No. 101) and DENYING CROSS DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS ALOHA KING, LLC'S CROSSCLAIMS FILED ON SEPTEMBER 16, 2015 (ECF No. 120)**



_/s/ Helen Gillmor_

Helen Gillmor
United States District Judge

Maho Wada; Masahiro Wada vs. Aloha King, LLC; Total Storage Solutions; TNT Self Storage Management, Inc.; Asbo; SterlingBackcheck; Doe Defendants 1-20; Cross-Claimant Aloha King, LLC vs. Cross-Defendants TNT Self Storage Management, Inc.; Total Storage Solutions; Abso; SterlingBackcheck; Cross-Claimant Total Storage Solutions vs. Cross-Defendants Aloha King, LLC; Abso; SterlingBackcheck; Cross-Claimant TNT Self Storage Management, Inc. vs. Cross-Defendants Aloha King, LLC; Abso; SterlingBackcheck; Civ. No. 14-00275 HG-BMK; **ORDER GRANTING DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FILED JULY 21, 2015 (ECF No. 99) WITH LEAVE TO AMEND and GRANTING, IN PART, AND DENYING, IN PART, CROSS DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS TOTAL STORAGE SOLUTIONS' CROSSCLAIMS FILED ON AUGUST 7, 2015 (ECF No. 100) WITH LEAVE TO AMEND and DENYING CROSS DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS TNT SELF STORAGE MANAGEMENT, INC.'S CROSSCLAIMS FILED ON AUGUST 10, 2015 (ECF No. 101) and DENYING CROSS DEFENDANTS ABSO AND STERLINGBACKCHECK'S MOTION TO DISMISS ALOHA KING, LLC'S CROSSCLAIMS FILED ON SEPTEMBER 16, 2015 (ECF No. 120)**